UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDREY C. NELSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIV. ACTION NO. 3:07-CV-00464 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 14). After carefully considering the Motion, the responses and replies thereto, and all applicable law, the Court finds that the Motion should be denied.

### I. BACKGROUND

This negligence action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"), arises out of an accident in which a United States Postal Service delivery truck collided with a pedestrian, Plaintiff Audrey Nelson, on Nelson's cul-de-sac. It is undisputed that, at the time of the accident, Nelson was standing a few feet from the curb, attempting to confer with the truck's driver about a matter related to mail delivery. It is also undisputed that Nelson had arrived at her position a few steps from the curb by walking across the cul-de-sac from her driveway rather than walking around the cul-de-sac on the sidewalk.

The parties disagree, however, as to other factual matters. According to Defendant, Nelson approached the truck from an angle where she was not visible to the

driver and was very close to the truck, thereby ensuring that when the truck pulled away from the curb it would hit her. (Decl. of Linda Ramirez, Doc. 14, Ex. B, p. 2.) Defendant also believes that Nelson was still walking towards the truck when the accident occurred. (Def.'s Mot. Summ. J., Doc. No. 14, at 8.) In contrast, Nelson argues that the truck was positioned some distance from her when she arrived at the place of impact, and that the driver therefore had plenty of time to see her and avoid the accident. (Aff. of Audrey Nelson, Doc. No. 15, Ex. B, at 2-4.) She also believes that she was positioned in such a manner as to allow the truck's driver a clear view of her, that is, she denies that she was in the driver's blind spot. (Nelson Aff., Doc. No. 15, Ex. B., at 2-4.) The parties also dispute the correct interpretation of Nelson's handwritten letter, written the same day as the accident, in which she states that she "made the mistake of going in front of the stopped vehicle," that the accident was "freak," and that the driver "should not have to suffer [the] consequence[s]" of the accident. (Doc. No. 14, Ex. A.) Defendant argues that this letter is a clear admission of fault (Ramirez Decl., Doc. 14, Ex. B, p. 2-3); Nelson makes the contrary argument (Nelson Aff., Doc. No. 15, Ex. B, at 4-5).

## II.   DISCUSSION

### A.   Legal Standards

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (internal quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* "If a decision is to be reached by the court, *and there are no issues of witness credibility*, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978) (emphasis added); *see also U.S. Fidelity & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 866 (5th Cir. 1996); *Ill. Cent. R.R. Co. v. Mayeux*, 301 F.3d 359, 362 n.1 (5th Cir. 2002).

Under the FTCA, which waives sovereign immunity, the government is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. To adjudicate a negligence claim, the Court looks to the law of the state where the act or omission occurred, in this case Texas. 28 U.S.C. § 1346(b); *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1450 (5th Cir. 1990). The essential elements of actionable negligence in Texas are the existence of a duty, breach of it, and resulting injury. *Brooks v. United States*, 695 F.2d 984, 987 (5th Cir. 1983); *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984). Under Texas law, a plaintiff "may not recover damages if his percentage of responsibility is greater than 50 percent"; moreover, "if the claimant is not barred from recovery

[because his percentage of responsibility is greater than 50 percent], the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility." Tex. Civ. Prac. & Rem. Code §§ 33.001, 33.012; *see also Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987) ("[A]n individual's contributory or comparative negligence bars recovery if it is 50 percent responsible for his injury, but if it is less than 50 percent responsible it merely diminishes his recovery.").

### B.   Analysis

Defendant's Motion requests the entry of judgment on the basis of Nelson's alleged negligence in approaching the postal truck. According to Defendant, Nelson failed to use the sidewalk, walked so close to the truck that the driver could not yield, failed to take proper precautions for her own safety; these negligent actions, Defendant asserts, were the proximate cause of Nelson's injuries. (Def.'s Mot. Summ. J., Doc. No. 14, at 7-8.) Defendant further argues that the driver took all necessary precautions to avoid the accident, including checking her mirrors before pulling away from the curb. (Def.'s Mot. Summ. J., Doc. No. 14, at 8.) Therefore, Defendant argues, Nelson was more than fifty percent responsible for her injuries as a matter of law, and summary judgment for Defendant is appropriate.

Defendant's argument, however, depends on contested facts. Among them are whether Nelson was standing or walking at the time of the accident, whether the driver was looking up or down while operating her vehicle, and how far Nelson positioned herself from the truck before it pulled away from the curb. These facts, and many others, must be determined before assigning to the various individuals their percentage of

responsibility for the accident. Moreover, even acknowledging that the Court may have increased flexibility to find facts at the summary judgment stage when a case is set for a bench trial, the summary judgment evidence adduced here is inadequate to make the necessary factual determinations, as each will require determinations of witness credibility. *See Nunez*, 572 F.2d at 1124 (5th Cir. 1978). For these reasons, the Court finds that genuine issues of material fact remain, thereby precluding the entry of summary judgment.

### III.   CONCLUSION

Defendant's Motion for Summary Judgment (Doc. No. 14) is **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 20th day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT